WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-22-00037-PHX-JAT |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| Brookfield Ventures LLC, et al., | |
| Defendants/Counterclaimants. | |

Pending before the Court is a motion to dismiss the counterclaim. The counterclaim pleads four causes of action against the Counterdefendant: breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. (Doc. 20). Counterdefendant moves to dismiss the breach of contract, fraud and negligent misrepresentation claims. (Doc. 26).

**Implied Covenant of Good Faith and Fair Dealing**

At page 6, the motion to dismiss states:

> *See Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621, ¶ 16 (Ariz. 2013) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages.") (internal quotations omitted); *Tai v. Minka Lighting, Inc.*, 2017 WL 568519, at *4 (D. Ariz. Feb. 13, 2017) (**dismissing breach of the duty of good faith and fair dealing claim because the claim "merely realleges breaches of express contract terms."**). Because Brookfield has failed to allege sufficient facts to support its contract claims, those claims should be dismissed.

(Doc. 26 at 6) (emphasis added). The bolded language is the sole reference in the motion to dismiss to the covenant of good faith and fair dealing. The motion makes no argument

that *in this case* the claim "merely realleges breaches of express contract terms." The Court will not reconcile the counterclaim line by line to do the analysis for Counterdefendant. Accordingly, to the extent the bolded language in a string cite was intended to be a motion to dismiss the breach of the implied covenant of good faith and fair dealing claim, the motion is denied as to this claim. (The Court notes that Counterdefendant dedicated a full section of its reply to this claim (Doc. 30 at 4) but the Court will not consider arguments raised for the first time in a reply.)

**Breach of Contract**

The motion to dismiss argues that Counterclaimant fails to allege facts to support a breach of contract claim; therefore, the breach of contract claim must be dismissed. Counterclaimant responds, and seems to concede that the counterclaim fails to allege such facts, but argues:

> Similarly, Brookfield adequately pled breach. See FAC at ¶¶ 39-41. While Brookfield did not point to specific provisions of the contract that were allegedly breached, this is not required to state a claim under Rule 8 and is not enough to warrant dismissal. *See e.g., Little*, 516 F. Supp. 3d at 964. Notably, Brookfield pled that it did not receive the benefit of its bargain with Best Western because, as alleged, Best Western did not provide its promised services. This includes, but is not limited to, access to the reward system, access to a marketing scheme, and access to the brand name, all of which would assist Brookfield towards increased reservations and revenue. *See* FAC at ¶ 33. This meets the plausibility standard.
> …
> Additionally, Brookfield alleges that Best Western agreed to the suspension of various fees and assessments, which it breached by demanding payment and instituting this lawsuit. *See* FAC at ¶¶ 26-27.

(Doc 29 at 5).

Counterdefendant responds and argues that the Court should not consider the allegations in response to the motion to dismiss because:

> Nowhere in the FAC does Brookfield specifically allege that Best Western did not provide Brookfield with access with the reward system, a marketing campaign or access to the brand name. In fact, Brookfield's allegations demonstrate that Best Western provided those very services to Brookfield. [followed by examples from the counterclaim].

(Doc. 30 at 2).

Counterclaimant ends the response to the motion to dismiss with a request for leave to amend. (Doc. 29 at 10). In Doc. 26 at 10, Counterdefendant claims the parties conferred

1  and could not agree that the deficiencies could be cured by amendment. Yet, clearly Counterclaimants could, by amendment, make these additional allegations. *Shirley v. Univ. of Idaho, College of Law*, 800 F.3d 1193, 1194 (9th Cir. 2015) (Kozinski, J. concurring) (in this circuit, an amended complaint may directly contradict prior complaints). The parties' failure to have an agreement on the underlying factual allegations is the point of the Local Rule requiring them to confer. The Court will allow amendment.

Additionally, the motion to dismiss fails to address that Counterclaimants appear to have a theory that the contract was modified, and as modified, breached. (Doc. 29 at 5 (citing FAC at ¶¶ 26-27)). In the reply, Counterdefendants argue that Counterclaimants failed to allege a sufficient factual basis for this alternative theory of breach of contract. (Doc. 30, n. 1). Again, the Court will not consider arguments made for the first time in a reply.

### Fraud and Negligent Misrepresentation

Counterdefendant moves to dismiss the fraud and negligent misrepresentations claims for the same reasons: 1) an alleged failure to plead with particularity under Federal Rule of Civil Procedure 9(b); and 2) that all representations were allegedly about future predictions or opinions about performance. (Doc. 26 at 7, 9).

Counterclaimants respond and list examples of particular representations of current or past events that it claims might be fraudulent, for example:

> Brookfield has alleged that Best Western claimed "**that the hotel was in an area that was competitive and appealing to high-end and business class travelers**" (FAC ¶ 10); that "**success had been seen in other markets by other hoteliers who had affiliated with and became a Best Western Premier hotel**" (*Id*. at ¶ 11); that "**Best Western Premier hotels in other markets compete well against other high-end and business class hotels from other well-known hotel brands**" (*Id*. at ¶ 12); **that Brookfield would have access to the rewards, reservation, and marketing systems that are competitive with third-party sites and have a history of increasing reservations** (*Id*. at ¶¶ 13-14, 56).
> …
> Brookfield contends, upon information and belief, that all of these representations were false. *Id*. at ¶¶ 24-25.

(Doc. 29 at 7) (emphasis added).

In reply, Counterdefendant argues that many statements (not quoted above) alleged in the counterclaim are either future promises or opinions, which Counterdefendant argues are not actionable. The Court need not rule on these additional statements one by one here. Instead, the issue is whether the fraud and negligent misrepresentation claims as a whole should be dismissed.

Counterclaimants argue that based on the above-quoted four representations, these two claims should not be dismissed. The reply does not address these four statements specifically.

The Court finds that the bolded statements quoted above could be factually true or false at the time made: for example, whether other hotels that affiliated with Best Western in the past experienced success. Also, whether Counterclaimants' hotel was in a competitive area would have been true or false at the time the statement was made. Finally, whether Counterclaimants would have access to systems that were competitive with other third-party systems would be true or false as to: 1) whether there was in fact access; and 2) whether those systems were comparable to other competitive systems. Further, the Court agrees that other hotels' profit information, whether Courtdefendant has accessible, competitive systems, and whether Counterclaimants hotel was in a good area would be in Counterdefendant's possession. The Court notes that Counterclaimants claim to have relied on these statements in choosing to affiliate. Thus, the Court finds that these statements are enough to state a claim for fraud and negligent misrepresentation purposes of a surviving a motion to dismiss.

Next, Counterdefendant argues that it does not know who made the statements (allegedly) and in what context. This deficiency can be cured by amendment. *See 7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, *7 (N.D. Tex. 2008). Moreover, the parties have been in discovery for six months; thus, at this point some of this information should have been discovered. Finally, to the extent Counterclaimants allege that the information about who made these statements and when they made them is solely in Counterdefendant's possession, Counterclaimants can allege, on information and belief,

that the statements were made by Counterdefendant's agents if they can do so in good faith. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).[1]

**Conclusion**

As discussed above, the Court finds that the deficiencies identified by Counterdefendant can all be cured by amendment. Accordingly, the Court will grant leave to amend. The Court is confused how this result was not obvious in the parties' required meet and confer.

Counterclaimants are cautioned that the second amended counterclaim will completely supersede the first amended counterclaim; thus, all allegations must be contained therein, without incorporation by reference to other filings. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The second amended counterclaim must be filed by the deadline specified below. Because this amendment will be Counterclaimants' third filing to attempt to state a claim, they should not anticipate further leave to amend to allege more facts. They should include all necessary and relevant facts in this amendment.

If Counterclaimants elect not to amend, only the modification theory of breach of contract and the alleged breach of the implied covenant of good faith and fair dealing counterclaims will survive. All other theories of breach of contract and the claims for fraud and negligent misrepresentation will be dismissed.

Accordingly,

**IT IS ORDERED** that the motion to dismiss the counterclaim (Doc. 26) is granted in part and denied in part as specified above.

**IT IS FURTHER ORDERED** that Counterclaimants may file a second amended counterclaim within 14 days of the date of this Order (any amended counterclaim must

---

[1] The Court notes that in the reply, Counterdefendants argue that certain emails are not properly incorporated by reference into the counterclaim and that the emails do not show the "statements" on which Counterclaimants rely in the counterclaim. Counterdefendant did not specifically address the four bolded statements relied on in the response and by the Court. Again, the Court did not go line by line through the emails to see if these four statements were impacted by these arguments. However, to the extent they are, this issue can also be cured by amendment.

1   include a clean copy and a copy that complies with LR Civ. 15.1).

2   **IT IS FURTHER ORDERED** that Counterdefendant must answer the first
3   amended counterclaim within 21 days of this Order if no second amended counterclaim is
4   filed; Counterdefendant must answer or otherwise respond to a second amended
5   counterclaim within 28 days of this Order if one is filed within the deadline set herein.

6   Dated this 8th day of March, 2023.

James A. Teilborg
Senior United States District Judge